# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RSUI INDEMNITY COMPANY, | ) |
| Plaintiff, | ) ) ) No.: |
| vs. | ) ) |
| RUSH STREET GAMING, LLC, RUSH STREET INTERACTIVE, LLC, RUSH STREET INTERACTIVE, LP, NEIL BLUHM, GREG CARLIN, and TODD L. ANDERSON, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, RSUI Indemnity Insurance Company ("RSUI"), by and through its counsel, submits this Complaint for Declaratory Judgment under U.S.C. §§ 2201 and 2202 against defendants Rush Street Gaming, LLC, Rush Street Interactive, LLC, Rush Street Interactive, LP, Neil Bluhm, Greg Carlin, and Todd L. Anderson, and states as follows:

### NATURE OF ACTION

1. This is an action for declaratory judgment, brought pursuant to U.S.C. §§ 2201 and 2202, seeking a declaration that no coverage exists under an insurance policy issued by RSUI.

2. RSUI seeks a declaration that it owes no obligation to indemnify Rush Street Gaming, LLC, Rush Street Interactive, LLC, Rush Street Interactive, LP, Neil Bluhm, or Greg Carlin (collectively "Rush Street Defendants") in connection with a lawsuit styled *Todd L. Anderson v., Rush Street Gaming, LLC, Rush Street Interactive, LLC, Rush Street Interactive, LP, Neil Bluhm, and Greg Carlin*, Case No. 1:20-cv-04794, pending in the United States District Court for the Northern District of Illinois ("the *Anderson Action*").

3. RSUI undertook a defense of the Rush Street Defendants in connection with the *Anderson Action* under a complete reservation of rights, including its rights concerning the duty to indemnify the Rush Street Defendants for any judgment or settlement in the *Anderson Action*.

4. On June 21, 2022, the Rush Street Defendants tendered to RSUI a Confidential Settlement and Release Agreement executed in the *Anderson Action*. RSUI declined coverage for the settlement, asserting that pursuant to certain provisions of RSUI's insurance policy, RSUI did not have a duty to indemnify under the circumstances.

5. RSUI seeks a determination that it has no duty to indemnify the Rush Street Defendants for the settlement in the *Anderson Action*.

6. As a result of the dispute between RSUI and the Rush Street Defendants regarding insurance coverage for indemnification of the *Anderson Action* settlement, there is an actual case or controversy between the parties.

**PARTIES**

7. Plaintiff RSUI Indemnity Company is an insurance company organized and existing pursuant to the laws of New Hampshire, with its principal place of business in Georgia.

8. Defendant Rush Street Gaming, LLC is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Each member of Rush Street Gaming, LLC is a citizen of a state other than New Hampshire and Georgia.

9. Defendant Rush Street Interactive, LLC was a Delaware limited liability company with its principal place of business in Chicago, Illinois, that was converted to a limited partnership known as Rush Street Interactive, LP. Each member of Rush Street Interactive, LLC or Rush Street Interactive, LP is a citizen of a state other than New Hampshire and Georgia.

10. Defendant Neil Bluhm is the co-founder and Chairman of Rush Street Gaming, LLC and Rush Street Interactive, LP. Mr. Bluhm is a citizen of Illinois.

11. Defendant Greg Carlin is the co-founder and Chief Executive Officer of Rush street Gaming , LLC. Mr. Carlin is a citizen of Illinois.

12. Defendant Todd L. Anderson is the named plaintiff in the *Anderson Action* and is a citizen of Minnesota.

13. Mr. Anderson is a nominal defendant named as an interested and necessary party to this declaratory judgment action.

## JURISDICTION AND VENUE

14. This court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1), because there is complete diversity between the plaintiff and defendants, and the amount in controversy, exclusive of interest, exceeds $75,000.

15. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because several defendants reside in this District and a substantial part of the events giving rise to this claim occurred in this District.

## FACTUAL BACKGROUND

**A.** *The Anderson Action*

16. On August 14, 2020, Mr. Anderson filed his original Complaint in the *Anderson Action* in the Northern District of Illinois.

17. On September 15, 2020, Mr. Anderson filed his First Amended Complaint in the *Anderson Action*. The First Amended Complaint is the operative complaint in the *Anderson Action* and is attached hereto as Exhibit A.

18. In the *Anderson Action*, Mr. Anderson alleges that he and the Rush Street Defendants became business partners in 2012 to create a new gaming-related business, specifically, a Rush Street subsidiary based on televised poker.

19. The Rush Street Defendants allegedly offered Mr. Anderson employment by a written term sheet providing Anderson with a 1% equity interest in Rush Street Interactive, LLC that would vest over four years in addition to salary and other compensation.

20. Mr. Anderson alleges he accepted the terms of employment contained in the term sheet, and that he and the Rush Street Defendants reached an oral agreement regarding the remaining terms of Anderson's employment.

21. While the Rush Street Defendants and Mr. Anderson allegedly worked towards memorializing the employment agreement, Anderson began working with the Rush Street Defendants pursuant to the agreement.

22. The *Anderson Action* alleges Mr. Anderson performed all of his duties under the employment agreement.

23. The Rush Street Defendants allegedly performed all of their duties under the employment agreement with the exception of recognizing Mr. Anderson's 1% equity interest in Rush Street Interactive.

24. In or around 2020, the Rush Street Defendants announced that Rush Street Interactive would go public at a valuation of $1.78 billion.

25. On August 4, 2020, Mr. Anderson learned that the Rush Street Defendants did not recognize and did not intend to honor his 1% ownership stake in Rush Street Interactive.

26. The Rush Street Defendants deny that Mr. Anderson has or is entitled to an ownership stake in Rush Street Interactive.

27. The *Anderson Action* asserted causes of action against the Rush Street Defendants for breach of contract, breach of fiduciary duty, conversion, unjust enrichment, promissory estoppel, and constructive fraud.

28. On October 13, 2020, the Rush Street Defendants filed a motion to dismiss the *Anderson Action*.

29. On September 28, 2021, the Northern District of Illinois issued its Memorandum Opinion and Order granting in part and denying in part the Rush Street Defendants' motion to dismiss (the "Order"). A true and correct copy of the Memorandum Opinion and Order, Dkt. 48, is attached hereto as Exhibit B.

30. In its Order, the Northern District dismissed Mr. Anderson's causes of action for breach of fiduciary duty, unjust enrichment, and constructive fraud, leaving remaining causes of action for breach of contract, conversion, and promissory estoppel.

**B.** *The Policy*

31. RSUI issued Private Company Management Liability Policy number NPP683905 to Rush Street Gaming Partners, LLC for the Policy Period of October 1, 2019 to October 1, 2020. ("the RSUI Policy"). A true and correct copy of the RSUI Policy is attached hereto as Exhibit C.

32. The RSUI Policy contains an endorsement entitled "Additional Named Insured" that amends the insured's name in the Policy's declarations to include Rush Street Gaming, LLC, Rush Street Productions, LLC, and Rush Street Interactive, LLC.

33. The RSUI Policy contains form number RSG 241008 0118 providing employment practices liability coverage to insureds subject to certain insuring agreements, limitations, exclusions, and conditions.

34. Section I. Insuring Agreements of form no. RSG 241008 0118 states in relevant part as follows:

**A. Employment Practices Liability**

The **Insurer** shall pay **Loss** up to the Limit of Liability applicable to **this Coverage Section** on behalf of the **Insured** in connection with any **Employment Practices Claim** first made against any **Insured** during the **Policy Period** and reported in accordance with SECTION V. – CONDITIONS, C. Notice of Claim or Circumstance in the Common Policy Terms and Conditions of this policy.

35. Section IV. Exclusions of form no. RSG 241008 0118 states in relevant part as follows:

The **Insurer** shall not be liable to make any payment for **Loss** in connection with any **Claim** made against any **Insured**:

* * *

5. Alleging, arising out of, based upon or attributable to, in whole or in part, any liability under or pursuant to any contract or agreement, whether oral, written, express or implied, including the liability of others assumed by an **Insured,** unless such **Insured** would have been liable in the absence of such contract or agreement; provided this EXCLUSION shall not apply to **Defense Expenses** in connection with an **Employment Practices Claim;**

36. The RSUI Policy contains an endorsement entitled "Illinois – Amended Definition of Loss – Defense Claims for ADA" that states in relevant part as follows:

B. SECTION III. - DEFINITIONS, G. of the Employment Practices Liability Coverage Section is deleted and replaced by the following:

G. **Loss** means damages (including back pay and front pay), settlements, judgments and **Defense Expenses. Loss** (other than **Defense Expenses)** shall not include:

* * *

2. Amounts owed under any employment contract, partnership, stock or other ownership agreement, or any other type of contract;

3. Disability, social security, workers compensation, medical insurance, retirement or pension benefit payments, or settlement amounts representing employment related benefit payments;

* * *

   5. Any amounts owed to any **Employee** as wages or compensation previously incurred or vested without regard to any **Claim;**

* * *

   9. Matters that may be uninsurable under the law pursuant to which this policy shall be construed.

C.   *Coverage Communications*

37.   On September 21, 2020, the Rush Street Defendants notified RSUI and sought coverage for the *Anderson Action* under the RSUI Policy.

38.   On October 30, 2020, RSUI sent the Rush Street Defendants a letter advising that RSUI would provide the Rush Street Defendants with a defense to the *Anderson Action* under a complete reservation of rights.

39.   RSUI undertook the defense of the Rush Street Defendants and continues to provide a defense under a reservation of rights.

40.   On June 21, 2021, the Rush Street Defendants provided RSUI with a Confidential Settlement and Release Agreement executed by the parties to the *Anderson Action*. ("the Settlement Agreement").

41.   The terms of the Settlement Agreement are confidential.

42.   On June 21, 2022, 2021, RSUI declined to provide indemnification to the Rush Street Defendants in connection with settlement of the *Anderson Action* because the relief sought in the *Anderson Action* is excluded and does not constitute covered "Loss" under the RSUI Policy.

**COUNT I – DECLARATORY JUDGMENT**
**No Covered "Loss"**

43.   RSUI incorporates and restates its allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

44. An actual case or controversy exists between the parties concerning coverage under the RSUI Policy for the *Anderson Action*.

45. The RSUI Policy's definition of "Loss", as amended by endorsement, removes from coverage amounts owed under any type of contract, amounts representing employment related benefit payments, amounts owed to any employee as wages or compensation, and any matters uninsurable pursuant to applicable law.

46. The *Anderson Action* alleges that the Rush Street Defendants breached an employment agreement with Mr. Anderson and seeks an award equal to the 1% equity interest Mr. Anderson alleges he was owed as a compensation or benefit under his employment agreement with the Rush Street Defendants.

47. Because the relief sought by the *Anderson Action* does not constitute covered "Loss", any settlement of the *Anderson Action* also is not covered under the RSUI Policy.

48. The terms of the Settlement Agreement in the *Anderson Action* also do not constitute "Loss" as that term is defined in the RSUI Policy.[1]

49. RSUI therefore seeks a judicial declaration pursuant to U.S.C. §§ 2201 and 2202 that it has no duty to indemnify the Rush Street Defendants in connection with the *Anderson Action*.

## COUNT II – DECLARATORY JUDGMENT
### Exclusion 5

50. RSUI incorporates and restates its allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

---

[1] As the terms of the Settlement Agreement are confidential, RSUI does not disclose any specifics of those terms at this time and will seek an order from this Court permitting disclosure under seal.

{File: 02440739.DOCX / }  8

51. An actual case or controversy exists between the parties concerning coverage under the RSUI Policy for the *Anderson Action*.

52. The RSUI Policy's Exclusion 5. Precludes coverage for any Loss in connection with any Claim alleging, arising out of, based upon, or attributable to, in whole or in part, any liability under or pursuant to any contract or agreement, whether oral, written, express or implied.

53. The *Anderson Action* alleges that the Rush Street Defendants breached an employment agreement with Mr. Anderson and seeks an award equal to the 1% equity interest Mr. Anderson alleges he was owed as a compensation or benefit under his employment agreement with the Rush Street Defendants.

54. Accordingly, the relief sought by the *Anderson Action* is excluded under Exclusion 5. to the RSUI Policy.

55. Because the relief sought by the *Anderson Action* is excluded under Exclusion 5. to the RSUI Policy, any settlement of the *Anderson Action* also is not covered under the RSUI Policy.

56. RSUI therefore seeks a judicial declaration pursuant to U.S.C. §§ 2201 and 2202 that it has no duty to indemnify the Rush Street Defendants in connection with the *Anderson Action*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RSUI Indemnity Company, respectfully requests that this Court find in their favor and enter judgment as follows:

(a) Judicial declaration that RSUI has no duty to indemnify the Rush Street Defendants under Policy No. NPP683905 in connection with the *Anderson Action*;

    (b)    Any further relief that this Court deems just and equitable under the circumstances.

Dated: June 22, 2022                    *Respectfully Submitted,*

                                          **WALKER WILCOX MATOUSEK LLP**

                              By:     */s/ Kevin A. Lahm*
                                      Attorneys for RSUI Indemnity Insurance Company

Kevin A. Lahm (*klahm@walkerwilcox.com*)
Eric D. Blanchard (*eblanchard@walkerwilcox.com*)
Neil E. Holmen (*nholmen@walkerwilcox.com*)
WALKER WILCOX MATOUSEK LLP
One North Franklin, Ste. 3200
Chicago, Illinois 60606
(312) 244-6700